<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNETTE AGOSTINO and RUDOLH AGOSTINO, | : : : : |
| Plaintiffs, | : Civ. No. 19-8976 (MCA)(MAH) : : |
| v. | : : |
| COSTCO WHOLESALE CORPORATION, JOHN DOES 1-10 and ABC CORP. 1-10, | : : : : REPORT AND RECOMMENDATION |
| Defendants. | : : : |

**I. INTRODUCTION**

This matter is presently before the Court on the motion of Plaintiffs, Annette Agostino and Rudolph Agostino, to amend the complaint to add Daryl Hughes as a Defendant and remand the action to the Superior Court of New Jersey, Law Division, Bergen County. *See* Pls. Mot. to Amend & Remand, D.E. 4. The District Court referred this matter to the Undersigned to issue a Report and Recommendation. This Court has considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court respectfully recommends that the District Court grant Plaintiffs' motion to amend and remand this matter to the Superior Court of New Jersey, Law Division, Bergen County.

**II. BACKGROUND**

Plaintiffs Annette Agostino and Rudolph Agostino are New Jersey residents who reside in Hasbrouck Heights, New Jersey. Prop. Amended Compl., D.E. 4-3, at 1. Defendant Costco

Wholesale Corporation ("Costco") is a Washington corporation with its principal place of business in Issaquah, Washington. Pet. for Removal, D.E. 1, at 3, ¶ 5. Daryl Hughes ("Hughes") is a New Jersey resident who resides in Ridgewood, New Jersey. Pls. Cert. of Counsel, D.E. 4-1, at 2, ¶ 7.[1] Mr. Hughes contends that, on the date of the subject incident, he was the Assistant Front End Manager of Defendant Costco's store located at 2 Teterboro Landing Drive, Teterboro, New Jersey. Hughes Cert., D.E. 6-3, Exh. A, at ¶ 1.[2]

Plaintiffs commenced this action on January 18, 2019, in the Superior Court of New Jersey, Law Division, Bergen County. *See* Civil Case Information Statement, D.E. 1, at 14. Plaintiffs filed the Complaint against Costco Wholesale Corporation, John Does 1-10, and ABC Corp. 1-10. Plaintiffs effectuated service on Defendant Costco on March 12, 2019. *See* Pet. for Removal, D.E. 1, at ¶ 1.

In the proposed Amended Complaint,[3] Plaintiffs allege that on December 5, 2017, Annette Agostino—as a patron of Costco—fell in the food court of Defendant Costco's store, which "caused her to suffer severe and permanent personal injuries." Prop. Amended Compl., D.E. 4-3, at 3-4, ¶ 5. Plaintiffs allege that Defendant Costco and Mr. Hughes "created or caused to be created certain dangerous conditions and hazardous conditions that led to Plaintiff's injuries." *Id.* at 3, ¶

---

[1] Mr. Hughes does not refute Plaintiffs' claim that he is a New Jersey resident.

[2] For ease of reference, Defendant Costco's store, located at 2 Teterboro Landing Drive, Teterboro, New Jersey, shall be referred to as "Defendant Costco's store" throughout this Report and Recommendation.

[3] Plaintiffs' original Complaint did not include Daryl Hughes as a Defendant. However, the subject motion seeks to amend the complaint to add Daryl Hughes as a Defendant, as he was allegedly "responsible for overall site safety . . . and making sure that reasonable care is taken to inspect and maintain the premises in a safe manner." Pls. Cert. of Counsel, D.E. 4-1, at ¶ 8. Accordingly, the Court relies on the allegations set forth in Plaintiffs' Proposed First Amended Complaint. Prop. Amended Compl., D.E. 4-3.

1. Plaintiffs further allege that Defendant Costco and Mr. Hughes failed to "warn the plaintiff and otherwise make known to the plaintiff the dangers and risks of being on the premises of the defendants." *Id.* at 4-5, ¶ 2-3. Plaintiffs also allege that Defendant Costco and Mr. Hughes "by and through their agents, servants and employees, carelessly, recklessly and negligently caused and/or permitted the plaintiff . . ." to be injured. *Id.* at 3, ¶ 5. Plaintiffs' Complaint asserts a per quod claim on behalf of Plaintiff Rudolph Agostino. *Id.* at 5-6, ¶ 3.

On March 27, 2019, Defendant Costco removed this case from the New Jersey Superior Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *See* Notice of Removal, D.E. 1. On April 8, 2019, Defendant filed an Answer. Def. Answer, D.E. 3. On April 12, 2019, Plaintiffs moved to amend the complaint to add Daryl Hughes as a Defendant and remand this matter to the Superior Court of New Jersey, Law Division, Bergen County, due to lack of complete diversity. *See generally*, Mot. to Amend & Remand, D.E. 4. On April 22, 2019, Defendant Costco opposed Plaintiffs' motion. Defs. Opp. to Mot. to Amend & Remand, D.E. 6-1. On April 26, 2019, Plaintiffs replied to Defendant's opposition. Pls. Reply to Opp., D.E. 8.

### III. ANALYSIS

As an initial matter, the Court notes that a decision to remand is dispositive. *In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, this Court addresses Plaintiffs' motion via Report and Recommendation.

#### A. Diversity

The party seeking removal on the basis of diversity must demonstrate that the matter satisfies the requirements of removal under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. When

jurisdiction is predicated on diversity of citizenship under § 1332, it "requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re: Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). In most cases, if any plaintiff and any defendant share citizenship, complete diversity will be defeated. *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365 (1978); *Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 410 (3d Cir. 2003).

Here, Plaintiffs seek to add Daryl Hughes as a Defendant in this action. Plaintiffs contend that Mr. Hughes is a proper party to the case, as he was "responsible for overall site safety, including the area where plaintiff fell, supervision of store employees, [and] ensuring that the property is inspected and maintained in a safe manner." Pls. Br. in Supp. of Mot. to Amend & Remand, D.E. 4-4, at 3. Plaintiffs further contend that naming Mr. Hughes as a Defendant deprives the Court of complete diversity of citizenship, as Plaintiffs and Mr. Hughes are New Jersey residents. Therefore, the Court lacks subject matter jurisdiction over this case. Defendant Costco argues that the fraudulent joinder exception applies as to non-diverse Daryl Hughes and, therefore, there is complete diversity.[4] *See generally* Def. Br. in Opp. to Mot. to Amend & Remand, D.E. 6-1.

---

[4] The Court rejects Defendant Costco's fraudulent joinder argument out of hand. It is clear that "the fraudulent joinder analysis is not appropriate here because that standard applies in circumstances when a party has already been joined to an action." *Confessore v. AGCO Corp.*, Civ. No. 14-7262, 2015 WL 4430472, at *7 n.4 (D.N.J. July 20, 2015) (citation omitted). "Since Plaintiff is merely moving to add . . . a defendant in this case, the proper analysis is under § 1447(e)." *Id.*; *see also Arevalo v. Brighton Gardens, Sunrise Senior Living, LLC*, Civ. No. 15-2563, 2016 WL 4975199, at *4 (D.N.J. Sept. 16, 2016) ("Similarly, as the remainder of Plaintiff's arguments regarding fraudulent joinder only apply after a party has, in fact, been joined, the Court need not address them as they are moot.").

### B. Standard To Amend the Complaint

Federal Rule of Civil Procedure 15 "allows a party to amend its pleading by leave of court when justice so requires." *McCann v. Macy's Inc.*, Civ. No. 18-851, 2019 WL 248883, at *2 (D.N.J. Jan. 17, 2019). "Leave to amend pleadings is to be freely given." *Id.* (citations omitted). "When a party seeks to add a non-diverse defendant that would destroy diversity jurisdiction . . . courts in the Third Circuit apply 28 U.S.C. § 1447(e)." *Brainbuilders, LLC v. Optum, Inc.*, Civ. No. 18-638, 2019 WL 2315389, at *2 (D.N.J. May 31, 2019) (citing *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 742, 746 (3d Cir. 2008)). 28 U.S.C. § 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

In cases where a party seeks to add a non-diverse defendant, "a court must scrutinize motions to amend more carefully." *Brainbuilders*, 2019 WL 2315389, at *2 (citing *Perth Amboy*, 539 F. Supp. at 746) (internal quotation marks omitted). "While not addressed by the Third Circuit, district courts in the Circuit 'have adopted a flexible and equitable approach developed by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).'" *Id.* (citation omitted); *see also McCann*, 2019 WL 248883, at *2 ("When faced with an allegation that joinder after removal is made solely to defeat diversity jurisdiction, courts in this district have looked to the test set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)."). "The *Hensgens* factors are as follows: '(1) whether the purpose of the plaintiffs' motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend the complaint; (3) whether plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors.'" *Brainbuilders*, 2019 WL 2315389, at *2 (citations omitted).

At the outset, the Court notes that neither party analyzed the application to amend under the *Hensgens* factors. Nonetheless, the Court applies the *Hensgens* factors to the facts of this case to determine whether to allow Plaintiffs to join Daryl Hughes as a Defendant.

As to the first *Hensgens* factor, the Court cannot conclude that the purpose of Plaintiffs' motion is to defeat diversity jurisdiction. "For the first factor, courts must focus on the specific facts of the case, and the parties' actions between the filing of the complaint and the motion to amend is an appropriate matter for consideration." *Brainbuilders*, 2019 WL 2315389, at *2 (internal quotation marks and citations omitted). "Generally, if a proposed claim is viable, and there is a genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." *Id.* (citation omitted).

Here, Plaintiffs filed the original Complaint on January 17, 2019, in the Superior Court of New Jersey, Law Division, Bergen County. *See* Civil Case Information Statement, D.E. 1, at 14. Plaintiffs assert that the Complaint named "'John Does 1-10' as defendants, as permitted by *N.J. Civ. Prac. R. 4:26-4*[]" because Plaintiffs did not have Daryl Hughes's full name. Pls. Cert. of Counsel, D.E. 4-1, at ¶¶ 3, 7-9. On March 27, 2019, Defendant Costco removed this case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *See* Notice of Removal, D.E. 1.

As of the filing of this motion, Plaintiffs submit that they did not have a copy of the Incident Report pertaining to the December 5, 2017 accident "or any other documentation pertaining to this matter as no discovery had been exchanged prior to removal." Pls. Cert. of Counsel, D.E. 4-1, at ¶ 6. Although Plaintiffs' counsel does not explain his efforts, he certifies that Plaintiffs were "in the process of confirming the identity of the Manager of the Costco Teterboro store . . ." Pls. Cert. of Counsel, D.E. 4-1, at ¶ 6. On April 11, 2019, Plaintiffs located and identified Daryl Hughes

residing in Ridgewood, New Jersey, as the individual who was the Manager of Defendant Costco's store at the time of the accident. *Id.* at ¶ 7.[5] The next day, Plaintiffs filed the subject motion to amend the complaint to add Daryl Hughes as a Defendant and remand this matter to the New Jersey Superior Court due to lack of complete diversity. Pls. Mot. to Amend & Remand, D.E. 4.

Plaintiffs concede having known Mr. Hughes's first name for some time; however, it was not until April 11, 2019, that they were able to confirm his full name. Pls. Br. in Support of Mot. to Amend & Remand, D.E. 4-4, at 2-3. Plaintiffs, therefore, were unable to name Daryl Hughes as a Defendant when they filed the original Complaint on January 17, 2019. Pls. Reply to Opp., D.E. 8, at 7-8. Yet, they named John Does 1-10 as a safeguard. *See* Pls. Br. in Supp. of Mot. to Amend & Remand, D.E. 4-4, at 2 ("Plaintiffs employed fictitious name pleading in the original pleading . . . and the proposed pleading amendment would serve to substitute Daryl Hughes for a fictitious name in the manner contemplated by [N.J. Civ. Prac. R. 4:26-4] and decisional law on this subject."). "The fact that plaintiff was unable to effect the substitution before [Defendant] removed does not somehow convert any subsequent effort at substitution into a joinder 'for the sole purpose of destroying diversity.'" *Gilberg v. Stepan Co.,* 24 F.Supp.2d 355, 358 (D.N.J. 1998) (granting the plaintiffs' request for joinder and remand and noting that "[t]he use of fictitious pleading in the Joint Complaint indicates that, prior to removal of this action, plaintiff intended to join additional real defendants once the identities of these defendants were determined.") (citations omitted).

---

[5] Plaintiffs' counsel does not explain how he acquired Daryl Hughes's last name, nor does he provide an exact date for acquiring same. Pls. Cert. of Counsel, D.E. 4-1, at ¶ 7. Instead, Plaintiffs' counsel submits that, as of his April 11, 2019 Certification, Plaintiffs 'just' located and identified Mr. Hughes. *Id.*

As such, the Court finds that Plaintiffs had a legitimate reason for failing to name Daryl Hughes as a Defendant in the original Complaint and should not be prohibited from adding him at this time. Indeed, Courts in this District have reached the same conclusion when faced with comparable circumstances. *See Stavitski v. Safeguard Properties Mgmt., LLC*, Civ. No. 17-2033, 2018 WL 501646, at *3 (D.N.J. Jan. 19, 2018) (concluding that the plaintiff provided "a legitimate reason for failing to name [a potential defendant] and his company until now—they were not aware of his identity until the completion of preliminary discovery."); *Rodriquez v. Walmart*, Civ. No. 16-9338, 2017 WL 6508357, at *3 (D.N.J. Dec. 20, 2017) (concluding that the plaintiff "has provided a legitimate reason for failing to name [a potential defendant] in the initial complaint, namely, that she was not aware of his identity until . . . she received [Defendant's] initial disclosures.").

Moreover, Plaintiffs' claim against Daryl Hughes is viable. "This Court repeatedly has held that claims for negligence against individual store managers . . . are colorable, even where the employer may be held vicariously liable, because both the employer and individual employee may be jointly and severally liable." *Holguin v. Kohl's Dep't Store, Inc.*, Civ. No. 15-7016, 2016 WL 922130, at *2 (D.N.J. Feb. 19, 2016); *Report and Recommendation adopted*, Civ. No. 15-7016, 2016 WL 901087 (D.N.J. Mar. 8, 2016) (rejecting the defendants' argument that the store manager "was neither on duty at the time of the alleged incident nor responsible for the placement or removal of the store's interior signage, which [the store manager] attests to in an Affidavit.") (citations omitted).

Defendant Costco argues, in the context of fraudulent joinder, that Plaintiffs' claim against Daryl Hughes has "no reasonable basis in fact or colorable ground[.]" Defs. Br. in Opp. to Mot. to Amend & Remand, D.E. 6-1, at 8. Defendant Costco concedes that the proposed Amended

Complaint alleges that Mr. Hughes "was one of the managers on the date of the incident." *Id.* But Defendant Costco contends that Mr. Hughes was an Assistant Front End Manager at the time of the incident, not the General Manager. *Id.* at 9. They also argue that Mr. Hughes was not the only manager on duty at the time of the incident. *Id.* & Hughes Cert., D.E. 6-3, Exh. A, at ¶ 5. Defendant Costco argues that Plaintiffs did not allege that Mr. Hughes was acting outside the scope of his employment at the time of the incident, and that Mr. Hughes "did not create the alleged condition[,]" and his "only involvement with this matter is that he responded to the subject incident and completed the incident report." Defs. Br. in Opp. to Mot. to Amend & Remand, D.E. 6-1, at 9-10 & Hughes Cert., D.E. 6-3, Exh. A, at ¶¶ 4, 7.

Even if these statements are true, Plaintiffs' proposed Amended Complaint still alleges a colorable claim for negligence against Mr. Hughes. The proposed Amended Complaint alleges that, as a manager, Mr. Hughes owed a duty to exercise reasonable care, that he negligently discharged that duty, and that Plaintiff Annette Agostino suffered injury as a result. That satisfies Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See Nacirema Demolition & Recycling Inc. v. N.J. Building Laborers Statewide Benefit Funds*, Civ. No. 18-2692, 2018 WL 4258124, at *1 (D.N.J. Sept. 5, 2018)("[a]n adequate complaint must be a 'short and plain statement of the claim showing that the pleader is entitled to relief.'") (citing Fed. R. Civ. P. 8(a)(2)). Here, the proposed Amended Complaint alleges that Defendant Costco and Mr. Hughes negligently "created or caused to be created certain dangerous and hazardous conditions that led to Plaintiff's injuries." Prop. Amended Compl., D.E. 4-3, at 2-3, ¶¶ 1, 5. "This amounts to a colorable negligence claim against a store and its manager." *Holguin*, 2016 WL 922130, at *2. Also unavailing is Defendant Costco's argument that Plaintiffs need not add Mr. Hughes, because

Costco would be held vicariously liable for his purported negligence. While Defendant Costco ultimately may be correct, that possibility does not preclude Plaintiffs from seeking to add Mr. Hughes; nor does it factor into the Court's remand analysis. *See Perry v. ADT*, *LLC*, Civ. No. 17-6676, 2018 WL 1221161, at *4 (D.N.J. Mar. 8, 2018) (stating that "this Court's task is to decide whether a cause of action exists, because to inquire any further into the legal merits would be inappropriate in a preliminary jurisdictional determination.") (internal quotation marks and citations omitted); *Carvajal v. Target Stores, Inc.*, Civ. No. 15-3797, 2016 WL 114423, at * 3 (D.N.J. Jan. 11, 2016) ("[u]nder New Jersey law, even when an employer may be held vicariously liable for an employee's negligence, *both* the employer and employee may be held jointly and severally liable.") (citations omitted) (emphasis in original).[6] Accordingly, the first *Hensgens* factor weighs in favor of allowing Plaintiffs' proposed amendment.

As to the second *Hensgens* factor, Plaintiffs were not dilatory in seeking to amend the Complaint. As there has been no Pretrial Scheduling Conference, and therefore no Pretrial Scheduling Order setting forth deadlines for motions to amend in this matter, Plaintiffs did not miss any such deadline. Moreover, Plaintiffs' counsel declared in his April 11, 2019 Certification that Plaintiffs "just located and identified Daryl Hughes . . . as the individual who at the time of the accident was the Manager of Costco Wholesale Corporation Store in Teterboro, New Jersey." Pls. Cert. of Counsel, D.E. 4-1, at ¶ 7. There is no indication that Plaintiffs were aware of Daryl Hughes's full name before that date. Plaintiffs proceeded to file the subject motion the following

---

[6] To the extent that Defendant Costco argues that in order for liability to be imputed to Mr. Hughes as store manager, the Complaint must allege that he was either acting outside the scope of his employment at the time of the incident or that he committed an intentional tort, that argument also fails. *See Printing Mart–Morristown v. Sharp Elecs. Corp.,* 116 N.J. 739, 762 (1989) ("[W]hen an employee performs an act that is otherwise a tort, the employee is not relieved of liability simply because he or she acted on behalf of the employer.").

day (April 12, 2019), which was merely sixteen days after the matter was removed to this Court on March 27, 2019. Further, it has been less than four months since the case was originally commenced in the New Jersey Superior Court on January 18, 2019. Moreover, discovery has not yet occurred in this matter, nor has any trial date been set. Accordingly, the second *Hensgens* factor weighs in favor of allowing Plaintiffs' proposed amendment.

As to the third *Hensgens* factor, Plaintiffs would be prejudiced if their motion were not granted. Should this Court deny Plaintiffs' motion, Plaintiffs would be relegated to filing a separate action against Daryl Hughes in the New Jersey Superior Court. The two-year statute of limitations under New Jersey law likely would not preclude Plaintiffs from filing a separate cause of action against Daryl Hughes in the New Jersey Superior Court. However, "the cases would involve almost identical set of facts, documents, and issues." *Stavitski*, 2018 WL 501646, at *4. "Courts in this district have previously found that the burden of prosecuting two separate actions involving common facts in two different forums will increase litigation costs." *Confessore*, 2015 WL 4430472, at *6 (citations omitted). Therefore, "the substantial cost of multiple litigations is evidence that a plaintiff would be prejudiced." *Id.* (citation omitted). On the contrary, prosecuting the matter in a single forum allows discovery to be "streamlined." *See Stavitski*, 2018 WL 501646, at *4.

Furthermore, Plaintiffs' litigation strategy may be prejudiced if the Court were to deny Plaintiffs' request to add Daryl Hughes as a Defendant. *See Rodriguez*, 2017 WL 6508357, at *4. In *Rodriguez*, the defendant argued that the plaintiff, who fell and was injured on the defendant's premises, would not suffer prejudice if the Court denied her request to add the defendant's store manager as a party. *Id.* According to the defendant, if its store manager were liable, the defendant "would be liable under *respondeat superior*." *Id*. The defendant further argued that the plaintiff

"would be able to collect any judgment from [the defendant], even if [the store manager] were not a party." *Id.* The Court there rejected the defendant's argument and found that although the store manager and the defendant "are jointly and severally liable, there is a genuine risk of conflicting findings and rulings." *Id.* (internal quotation marks omitted). The Court agreed with the plaintiff that refusing to allow the defendant's store manager as a party "may prejudice her litigation and trial strategy in ways known and not known at this early stage in discovery." *Id.* Indeed, as the plaintiff contended, she "would lose the ability to emphasize claims at trial against one defendant or another, because in her lawyer's view, a jury may be more inclined to find liability against that defendant or that damages would be greater when focusing on one defendant rather than another." *Id.* (internal quotations omitted).

This matter is similarly in the early stages of discovery. Denying Plaintiffs' request to amend may very well alter the way Plaintiffs structure their litigation and trial strategy. Should this matter reach the trial stage, denying Plaintiffs' present motion prevents a potential jury from considering a viable claim against a potentially liable party. Accordingly, the third *Hensgens* factor weighs in favor of allowing Plaintiffs' proposed amendment.

The Court will consider Defendant Costco's remaining arguments under the fourth *Hensgens* factor—any other equitable factors. First, Defendant Costco argues that "Plaintiffs' motion to remand is premature[]" and, therefore, should be denied. Defs. Br. in Opp. to Mot. to Amend & Remand, D.E. 6-1, at 10. That argument is not well taken. Defendant Costco was served on March 12, 2019, and filed a petition for removal on March 27, 2019, which was within the thirty-day period prescribed by 28 U.S.C § 1446(b). *See* Notice of Removal, D.E. 1-1. Plaintiff filed a motion to amend the complaint and remand this matter on April 12, 2019, within the thirty-day period prescribed by 28 U.S.C § 1447(c). Accordingly, Plaintiffs' motion was timely.

Defendant Costco next argues that the Court should deny Plaintiffs' motion because they: (1) failed to include tables of contents and authorities as prescribed by Local Civil Rule 7.2(b), (2) failed to file proof of service, as prescribed by Local Civil Rule 7.1(d)(1), (3) failed to include counsel's email address on papers submitted to the Court, as prescribed by Federal Rule of Civil Procedure 11, and (4) failed to include copies of unreported decisions that they relied upon in their filings. Def. Br. in Opp. to Mot. to Amend & Remand, D.E. 6-1, at 11-12. Defendant is correct in that the Court expects parties to comply with Local Civil Rule 7.1(d). But the Court also has discretion to overlook such a shortcoming in the interests of judicial efficiency and fairness, and finds it appropriate to do so here. The Court notes that Plaintiffs' reply brief included, as an exhibit, a revised version of their moving brief that contained "a table of authorities, counsel's email address, page numbers and the unpublished cases." *See* Pls. Reply to Opp., D.E. 8, at 3; Pls. Reply to Opp., D.E. 8, Exh. 1. Similarly, the Court will overlook the Plaintiffs' failure to file a certification of service, insofar as the record leaves no doubt that both Defendant Costco and Mr. Hughes were made aware of the Plaintiffs' motion. *See Rodriguez v. Master Care USA*, Civ. No. 08-2376, 2008 WL 3200683, at *3 n.3 (D.N.J. Aug. 6, 2008) (considering a brief without tables of contents or authorities "in order to promote judicial efficiency and fairness."). Accordingly, the fourth *Hensgens* factor is neutral.

As the *Hensgens* factors weigh in favor of allowing Plaintiffs to join Daryl Hughes as a Defendant in this action, this Court recommends that the District Court grant Plaintiffs' motion to amend and remand. Because Defendant Daryl Hughes is a citizen of the State of New Jersey and a non-diverse defendant, there is no subject matter jurisdiction under § 1332(a). Therefore, this matter should be remanded to the Superior Court of New Jersey, Law Division, Bergen County.

## IV.  CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the District Court grant Plaintiffs' motion to amend and remand this matter to the Superior Court of New Jersey, Law Division, Bergen County.

The parties are reminded that they have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

**Dated: June 24, 2019**

*s/ Michael A. Hammer*_____
**United States Magistrate Judge**